James M. **MORRISSEY** et al., Plaintiffs,

v.

Joseph **CURRAN** et al., Defendants.

No. 69 Civ. 442.

United States District Court,
S. D. New York.

Dec. 13, 1974.

Duer & Taylor, New York City, for plaintiffs; Arthur E. McInerney, John S. Chapman, Jr., New York City, of counsel.

Bromsen, Gammerman, Altier & Wayne, New York City, for defendants Curran and Wall; Joseph P. Altier, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendant Segal; Ronald L. Ginns, New York City, of counsel.

Charles Sovel, New York City, for defendant Freedman.

Herman E. Cooper, New York City, for defendant Karchmer.

## MEMORANDUM

BONSAL, District Judge.

Plaintiffs move for an allowance of attorneys' fees for plaintiffs' counsel, Messrs. Duer & Taylor, for services rendered in connection with appeals and petitions for writs of certiorari taken from this Court's judgment of November 15, 1972, and in connection with applications to this Court to hold defendants in contempt and to obtain repayment by defendants of attorneys' fees paid by the National Maritime Union ("NMU") Officers' Pension Plan (the "Plan").

Messrs. Duer & Taylor previously sought $357,313.54 in attorneys' fees, accountants' fees and disbursements for services rendered between the inception of this litigation and November 15, 1972. This Court allowed a total award of $111,864.00 to be paid by the NMU, which award was affirmed by the Court of Appeals. Morrissey v. Curran, 483 F.2d 480, 485 (2d Cir. 1973).

In this application for additional attorneys' fees, Duer & Taylor originally

applied for a fee of $35,000 plus disbursements in the amount of $7,716.22. By supplemental affidavit dated September 19, 1974, Duer & Taylor seek an additional $15,000 in attorneys' fees, making a total of $50,000 in attorneys' fees and $7,716.22 in disbursements. The Court directed a hearing to permit plaintiffs to prove their attorneys' fees under the guidelines provided by the Court of Appeals in City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974). Such a hearing was held on October 7, 1974.

The Court recognizes that this was a hard-fought litigation brought by three union members on behalf of the NMU; that plaintiffs were successful in establishing that the NMU's Officers' Pension Plan violated the NMU's constitution; that there were proceedings both in this Court and in the Court of Appeals, with certiorari being denied by the Supreme Court; and that the plaintiffs have been successful in obtaining a recovery on behalf of the NMU from the Plan in the amount of $674,222.60 (which recovery was taken into consideration in the original allowance of attorneys' fees).

*Services Rendered Subsequent to November 15, 1972 for Which Additional Attorneys' Fees and Disbursements Are Sought*

Plaintiffs were the first party to appeal from the November 15, 1972 judgment of this Court. They (1) sought to recover funds paid by the Plan to appointed (rather than elected) officers; (2) claimed that all the trustees of the Plan should have been surcharged for payments made to Perry as well as to another non-officer; and (3) claimed the award of attorneys' fees to their counsel, Duer & Taylor, was inadequate. Defendants Freedman and Perry both appealed from this Court's judgment that they each be surcharged for the payments to Perry. Defendants Curran and Wall, on behalf of the NMU, filed an appeal contending that the award of counsel fees to Duer & Taylor was

excessive. Each of these appeals was unsuccessful, and on June 18, 1973 the Court of Appeals affirmed this Court's Order in all respects. Morrissey v. Curran, 483 F.2d 480 (2d Cir. 1973).

Following the Court of Appeals decision, Duer & Taylor prepared a petition for rehearing, which was denied. Duer & Taylor then petitioned for a writ of certiorari to the Supreme Court and opposed petitions for writs of certiorari filed by defendants Freedman and Perry. All of these petitions were denied by the Supreme Court. Freedman v. Morrissey, 414 U.S. 1128, 94 S.Ct. 865, 38 L.Ed.2d 752 (1974); Morrissey v. Curran, 414 U.S. 1128, 94 S.Ct. 865, 38 L.Ed.2d 752 (1974); Perry v. Morrissey, 414 U.S. 1128, 94 S.Ct. 865, 38 L.Ed.2d 752 (1974).

An affidavit submitted by Arthur E. McInerney, Esq., on behalf of the firm of Duer & Taylor, indicates that the firm spent 275 hours on these appeals and petitions, of which 245 hours were devoted by partners of the firm.

Subsequently, Duer & Taylor spent 129½ hours preparing an affidavit applying to this Court for additional counsel fees and drafting a brief seeking to hold the defendants Curran, Wall, Freedman, Segal and Karchmer in contempt and liable for attorneys' fees paid by the Plan on their behalf. By Order dated September 13, 1974, this Court denied plaintiffs' applications. In that Order, this Court on its own initiative required defendants Segal and Karchmer to repay 39% of the counsel fees incurred by the Plan on their behalf since the Court found that that portion of the services was in the defense of their action as Trustees in making a payment of money to Perry, for which action this Court had found Segal and Karchmer to have been negligent. See Morrissey v. Curran, 351 F.Supp. 775, 784 (S.D.N.Y. 1972).

*Allowable Attorneys' Fees and Disbursements*

In determining a reasonable attorneys' fee for Duer & Taylor, the Court has

considered the factors enumerated by the Court of Appeals in City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974), and further explained in Cranston v. Hardin, 504 F.2d 566 (2d Cir. 1974). See also Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973). The Court has considered the services rendered by Duer & Taylor in protecting this Court's judgment of November 15, 1972 in the appellate courts and the services rendered in connection with the attorneys' fees paid by the Plan on behalf of Segal and Karchmer as Trustees. The testimony at the hearing, the briefs, and the voluminous records on appeal, which were received at the hearing as Exhibits 6, 7 & 8, eloquently demonstrate that less than one half of Duer & Taylor's time was spent on protecting the judgment which they had obtained in this Court. The issues involved were not difficult, as is amply demonstrated by Judge Hays' opinion in the Court of Appeals. *See* Morrissey v. Curran, 483 F.2d 480 (2d Cir. 1973). Insofar as Duer & Taylor were seeking further fields to conquer, they were unsuccessful. Their clients received no benefit as a result of the appeals, and the points raised on appeal had been adequately considered by this Court.

In view of the foregoing, this Court concludes that the reasonable value of the services rendered by Duer & Taylor subsequent to November 15, 1972 is $18,000.

Duer & Taylor seek $7,716.22 in disbursements in connection with these appeals and petitions. The Court finds that Duer & Taylor are entitled to recover a portion of these expenditures as reasonably and properly incurred in responding to defendants' appeals. Specifically, the Court allows (1) the requested $2,305.42 for plaintiffs' one-quarter share of the costs of the Joint Appendix filed in the Court of Appeals; (2) approximately one-sixth of the stated costs for the briefs to the Court of Appeals, since it seems that approximately that portion of the briefs was

devoted to the defense of plaintiffs' November 15, 1972 judgment of this Court; and (3) the cost of briefs in opposition to petitions for writs of certiorari filed by defendants Freedman and Perry, for a total of $3,100.

Accordingly, Duer & Taylor are allowed $18,000 as a reasonable additional attorneys' fee, plus $3,100 in disbursements, making a total of $21,100.

Since the primary effect of sustaining this Court's order on appeal was to protect benefits gained by the Plan by reason of the judgments against Freedman and Perry, it is appropriate to charge the Plan with the attorneys' fee and disbursements allowed herein.

Settle order on notice.